1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAY L. SELLERS,                          No.  2:14-cv-0474 GEB DAD PS

12                  Plaintiff,

13        v.                                  FINDINGS AND RECOMMENDATIONS

14   UNITED STATES, et al.,

15                  Defendants.

16

17        Plaintiff, Jay Sellers, is proceeding in this action pro se.  This matter was referred to the

18   undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has

19   requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

20        Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. §

21   1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis

22   status does not complete the inquiry required by the statute.  "'A district court may deny leave to

23   proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that

24   the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th

25   Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See

26   also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to

27   examine any application for leave to proceed in forma pauperis to determine whether the

28   /////

1

1    proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

2    bound to deny a motion seeking leave to proceed in forma pauperis.").

3        Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

4    poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

5    state a claim on which relief may be granted, or seeks monetary relief against an immune

6    defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

7    arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

8    Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

9    complaint as frivolous where it is based on an indisputably meritless legal theory or where the

10   factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

11       To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

12   state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

13   570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

14   true the material allegations in the complaint and construes the allegations in the light most

15   favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

16   Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

17   (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

18   lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

19   conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

20   Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

21       The minimum requirements for a civil complaint in federal court are as follows:

22       A pleading which sets forth a claim for relief ... shall contain (1) a
         short and plain statement of the grounds upon which the court's
23       jurisdiction depends ..., (2) a short and plain statement of the claim
         showing that the pleader is entitled to relief, and (3) a demand for
24       judgment for the relief the pleader seeks.

25   FED. R. CIV. P. 8(a).

26       Plaintiff's complaint is difficult to decipher and does not contain a short and plaint

27   statement of his claim showing that he is entitled to relief.  In this regard, plaintiff alleges that

28   "[t]his is a civil RICO action supplemented by causes under federal and state civil rights law."

2

1  (Am. Compl. (Dkt. No. 1) at 2.)  The complaint later alleges that "[o]ne or more of at least two

2  defendants made a concerted effort to participate directly or indirectly in the conduct of the affairs

3  of Pine Tree Gardens through a pattern of racketeering activity," and that "[i]n furthering their

4  concert, court personnel made a concerted effort" to engage in witness and evidence tampering

5  and retaliation.  (Id. at 24.)  These statements, however, represent the entirety of the allegations

6  found in plaintiff's 51-page complaint supporting his RICO claim.  The allegations are vague and

7  conclusory and, therefore, fail to state a cognizable RICO claim.

8          To state a cognizable RICO claim, a plaintiff must allege:  (1) conduct, (2) of an

9  enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5)

10  causing injury to plaintiff's business or property.  Sanford v. Memberworks, Inc., 625 F.3d 550,

11  557 (9th Cir. 2010); Walter v. Drayson, 538 F.3d 1244, 1247 (9th Cir. 2008); Grimmett v. Brown,

12  75 F.3d 506, 510 (9th Cir. 1996).  The alleged enterprise must exist "separate and apart from that

13  inherent in the perpetration of the alleged [activity]."  Chang v. Chen, 80 F.3d 1293, 1300-01 (9th

14  Cir. 1996).  A "pattern of racketeering activity" means at least two criminal acts enumerated by

15  statute.  18 U.S.C. § 1961(1), (5) (including, among many others, mail fraud, wire fraud, and

16  financial institution fraud).  These so-called "predicate acts" under RICO must be alleged with

17  specificity in compliance with Rule 9(b) of the Federal Rules of Civil Procedure.[1]  Schreiber

18  Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1400-01 (9th Cir. 2004); see also

19  Lancaster Community Hospital v. Antelope Valley Hospital Dist., 940 F.2d 397, 405 (9th Cir.

20  1991) (holding with respect to the predicate act of mail fraud that a plaintiff must allege with

21

22  [1]  Circumstances that must be stated with particularity pursuant to Rule 9(b) include the "time, place, and specific content of the false representations as well as the identities of the parties to the

23  misrepresentations."  Sanford v. Memberworks, Inc., 625 F.3d 550, 558 (9th Cir. 2010) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). See also Swartz v. KPMG

24  LLP, 476 F.3d 756, 764 (9th Cir. 2007); Miscellaneous Serv. Workers, Drivers & Helpers v. Philco-Ford Corp., 661 F.2d 776, 782 (9th Cir. 1981) (affirming the district court's dismissal of

25  the plaintiffs' deceit and misrepresentation claims where plaintiffs failed to allege with sufficient particularity the content of the false representations and identities of the parties to the

26  misrepresentations).  "In the context of a fraud suit involving multiple defendants, a plaintiff

27  must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'"  Swartz, 476 F.3d at 765 (quoting Moore v. Kayport Package Express, 885 F.2d 531, 541 (9th

28  Cir.1989)).

"particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme"); <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F .2d 1388, 1392-93 (9th Cir. 1988).

In his complaint plaintiff also asserts multiple vague and conclusory "CAUSE[S] OF ACTION." (Compl. (Dkt. No. 1) at 50-51.) No defendant, however, is identified with respect to any of these causes of action. In connection with these causes of action, plaintiff makes allegations of "the court stripping [plaintiff] of his right of citizenship" and "a conspiracy to use intimidation to ward off plaintiff from the federal court and its processes." (<u>Id.</u> at 50.)

In short, plaintiff's complaint is essentially a 51-page sprawling narrative, interspersed with literary and poetic references, concerning plaintiff's interactions with a woman in Davis, CA, the West Sacramento Social Security office, the Pine Tree Gardens, and various individuals, without any references to factual allegations in support of a specific cause of action. For example, in his complaint plaintiff alleges that he is "an unpublished poet, who became so possessed by his art that he lived in clumps of bushes near enough to UC campuses to use their libraries," that he "got tangled up with a young diva who reigned in the Davis college town coffeehouse," the Café Roma. (<u>Id.</u> at 3-5.) Plaintiff also claims that he sought information from the West Sacramento Social Security office as to "how they warded off fraudulent applications for a free lifetime ride on SSI welfare benefits," because he suspected that "a counselor of Pine Tree Gardens, a Davis based dumping ground for the State's mental problems were trading SSI access for sex to studly homeless males." (<u>Id.</u>) Finally, many dates referred to in plaintiff's complaint date back to 2005 and plaintiff makes reference to prior actions he has filed in this court, many of which reflect the same or quite similar allegations to those asserted by plaintiff in this action. <u>See, e.g.</u>, <u>Sellers v. Espresso Roma Inc., et al.</u>, No. 2:06-cv-1245 DFL DAD PS (voluntarily dismissed); <u>Sellers v. Coldiron</u>, No. 2:06-cv-2443 FCD KJM PS (dismissed without prejudice after plaintiff failed to file a third amended complaint); <u>Sellers v. Leigh, et al.</u>, No. 2:06-cv-2510 GEB DAD PS (dismissed as duplicative); <u>Sellers v. Leigh, the café diva</u>, No. 2:07-cv-0496 LKK GGH PS (dismissed without prejudice); <u>Sellers v. Espresso Roma Corporation, et al.</u>, No. 2:10-cv-3260 LKK EFB PS (voluntarily dismissed); <u>Sellers v. City of Davis, et al.</u>, No. 2:11-

1    /////

2    /////

3    cv-1663 LKK CKD PS (dismissed as duplicative). [2]

4        For all the reasons set forth above, plaintiff's complaint should be dismissed for failure to

5    state a claim upon which relief can be granted.

6        The undersigned has carefully considered whether plaintiff may amend his pleading to

7    state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend

8    include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v.

9    Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n

10    v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to

11    amend shall be freely given, the court does not have to allow futile amendments).  In light of the

12    obvious deficiencies of the complaint filed by plaintiff in this action as noted above, the court

13    finds that it would be futile to grant plaintiff leave to amend.

14        Accordingly, IT IS HEREBY RECOMMENDED that:

15          1.  Plaintiff's February 13, 2014 application to proceed in forma pauperis (Dkt.

16    No. 2) be denied;

17          2.  Plaintiff's February 13, 2014 complaint (Dkt. No. 1) be dismissed without

18    leave to amend; and

19          3.  This action be dismissed.

20        These findings and recommendations will be submitted to the United States District Judge

21    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

22    days after being served with these findings and recommendations, plaintiff may file written

23

24    [2] A court may take judicial notice of its own files and documents filed in other courts.  Reyn's

25    Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006); Burbank–Glendale–
Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998); Hott v. City of

26    San Jose, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000); see also FED. R. EVID. 201; Lee v. City of Los
Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss, court may consider

27    matters of public record); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).
The court finds it appropriate to take judicial notice of plaintiff's previously filed lawsuits in this

28    court.

1   objections with the court.  A document containing objections should be titled "Objections to

2   Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

3   objections within the specified time may, under certain circumstances, waive the right to appeal

4   the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5   Dated:  April 7, 2014

6

7                                                    _____

8                                                    DALE A. DROZD
                                                     UNITED STATES MAGISTRATE JUDGE

9

10  DAD:6
    Ddad1\orders.pro se\sellers0474.ifp.den.f&rs
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            6